NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILIP HANES, | No. 21-56360 |
| Petitioner-Appellant, | D.C. No. 2:20-cv-05472-SB-KS |
| v. | |
| LUIS MARTINEZ; JEFF MACOMBER, Warden, Secretary of the California Department of Corrections and Rehabilitation, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted April 4, 2024**
Pasadena, California

Before: R. NELSON, VANDYKE, and SANCHEZ Circuit Judges.

Petitioner Philip Hanes appeals from the district court's order denying his

petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and we affirm.

"We review de novo the district court's denial of a petition for a writ of habeas corpus." *Stanley v. Schriro*, 598 F.3d 612, 617 (9th Cir. 2010) (internal quotation marks omitted). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), we can only grant habeas relief when a state court's adjudication of the claim was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In reviewing a habeas claim under AEDPA, state court factual findings are "presumed to be correct" unless rebutted "by clear and convincing evidence." *Id.* § 2254(e)(1). And where the higher state courts denied habeas relief in unexplained orders, we "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Here, we examine the rationale of the California Superior Court decision.

The California Superior Court reasonably determined that Petitioner's allegations were not credible. Petitioner alleges that the foreperson in Petitioner's jury trial worked with Petitioner, harassed him, and harbored animosity towards him. His primary evidence in support of these serious allegations was his own declaration. But neither Petitioner nor his counsel raised these allegations at the original trial, in

the motion for a new trial, or on direct appeal. Trial counsel does not recall Petitioner telling him this information, nor is it in counsel's notes, which according to counsel "likely would" be the case if Petitioner had told him. Petitioner's claims about the foreperson are serious enough that it would be strange indeed for counsel to have simply disregarded (and forgotten) them if Petitioner had actually told him. Because of the belated timing, the lack of corroborating evidence, and counsel's evidence supporting that Petitioner did *not* tell him the story, it was not unreasonable for the state court to determine that the allegations were not credible. *See Perez v. Rosario*, 459 F.3d 943, 951–53 (9th Cir. 2006).

This reasonable credibility determination defeats Petitioner's claims of juror bias and ineffective assistance of counsel. To succeed on his juror bias claim, Petitioner must "first demonstrate that a juror failed to answer honestly a material question on *voir dire*." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). Petitioner alleges that the foreperson was dishonest because he "did not indicate he knew [Petitioner]." But the only evidence that the foreperson actually knew Petitioner to the extent alleged was Petitioner's declaration. And the state court reasonably deemed that declaration not credible. As for Petitioner's ineffective assistance of counsel claim, Petitioner must first show that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Petitioner claims his counsel was ineffective

3

because he failed to challenge the foreperson who had allegedly harassed Petitioner in the workplace for years. But again, the only evidence that Petitioner told his counsel was Petitioner's declaration. Because the state court reasonably rejected it as not credible, Petitioner's ineffective assistance of counsel claim also fails.

Because the state court reasonably found Petitioner's factual allegations to be not credible, the district court did not err in denying his habeas petition.

**AFFIRMED.**

4